IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

 v.

NICKOLAUS ALLEN HARMS,

    Defendant.

No. 3:16-cr-00028-HZ

OPINION & ORDER

Scott M. Kerin
United States Attorney's Office, District of Oregon
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204

 Attorney for Plaintiff

Michelle M. Sweet
Elizabeth Gillingham Daily
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

 Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

In determining the appropriate sentence for Defendant Nickolaus Harms, this Court concludes that a prior Oregon Unlawful Delivery of a Controlled Substance—Heroin conviction is a "controlled substance offense" under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2K2.1.[1] The Court also decides that a conviction for Oregon Attempted Assault II is not a "crime of violence" under the Guidelines.

## STANDARD

Federal firearms defendants are subject to an enhanced Sentencing Guidelines range when they commit a firearm offense after sustaining one or more felony convictions of a "controlled substance offense" or a "crime of violence." U.S.S.G. 2K2.1(a); *see also United States v. Park*, 649 F.3d 1175, 1177 (9th Cir. 2011); *United States v. Crews*, 621 F.3d 849, 851 (9th Cir. 2010). To determine whether a prior offense is a "controlled substance offense" or a "crime of violence," the Application Notes to U.S.S.G. § 2K2.1 refer to the meaning given those terms in U.S.S.G. § 4B1.2(a)-(b) and Application Note 1 of the Commentary to § 4B1.2.

## DISCUSSION

**I.      Unlawful Delivery of a Controlled Substance**

A conviction under Oregon Revised Statute § (O.R.S.) 475.850, Unlawful Delivery of a Controlled Substance—Heroin, qualifies as a "controlled substance offense" under the Guidelines. In reaching this conclusion, the Court relies on the Ninth Circuit's decision in *United States v. Shumate*. 329 F.3d 1026 (9th Cir. 2003), *amended on denial of reh'g,* 341 F.3d 852 (9th Cir. 2003).

---

[1] The Court received written briefs and heard argument from the parties at Defendant's sentencing hearing on September 6, 2017. At sentencing, the Court indicated that it would issue this written Opinion & Order explaining how Defendant's prior convictions impacted this Court's analysis under the Guidelines.

O.R.S. 475.850 provides that "[i]t is unlawful for any person to deliver heroin." Under the Guidelines, a "controlled substance offense" means:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §§ 4B1.2(b) and 2K2.1, Commentary n.1. Furthermore, "controlled substance offense" includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. U.S.S.G. § 4B1.2, Commentary n.1.

In *Shumate,* the Ninth Circuit considered whether the defendant's conviction for delivery of a controlled substance under Oregon law was a felonious controlled substance offense for Guidelines purposes. *Shumate*, 329 F. 3d at 1029. The defendant argued that the Guidelines' application note, which stated that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses," did not include "solicitation." *Id.* (quoting U.S.S.G. § 4B1.2, Commentary n.1). Because the defendant might have been convicted of "mere solicitation" under Oregon law, the defendant argued that the Oregon conviction was not within the Guidelines' meaning. The Court rejected the defendant's argument because it found no facts to demonstrate that he was not convicted of delivery of marijuana. *Id.* While the Court considered the possibility that the defendant was convicted in Oregon for solicitation of delivery of marijuana, it concluded that the solicitation would nevertheless be sufficient for his conviction to qualify as a controlled substance offense under § 4B1.1. Thus, an Oregon conviction for unlawful delivery of heroin qualifies as a predicate offense under the Guidelines.

The Ninth Circuit's recent decision in *Sandoval* suggests, but does not require a different result. *See Sandoval v. Sessions*, No. 13-71784, 2017 WL 3400955 (9th Cir. Jan. 27, 2017). In *Sandoval*, the Ninth Circuit noted that Oregon law permits conviction for delivery based on "mere solicitation." *Id.* at *1. The Ninth Circuit concluded that the defendant's Oregon conviction for delivery of a controlled substance was not a categorical match to an aggravated felony under the Controlled Substances Act, because the Act does not punish soliciting delivery of controlled substances. *Id.*

However, there are key differences between the Controlled Substances Act at issue in *Sandoval* and the Guidelines, as addressed in *Shumate*. The Guidelines state that "'controlled substance offense' *include*[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, Commentary n.1 (emphasis added). The Ninth Circuit highlighted the word "include" in its *Shumate* opinion, noting that elsewhere in the Guidelines it states that "the term 'includes' is not exhaustive." U.S.S.G. § 1B1.1, Commentary n. 2. Therefore, the word "include" in § 4B1.2 "allows inclusion of solicitation for controlled substance offenses." *Shumate*, 329 F.3d at 1030. *See also United States v. Cox*, 74 F.3d 189, 190 (9th Cir. 1996) ("[T]he Guidelines themselves instruct us that when they use the term "includes" they do not mean to be exhaustive . . . . Consequently, the omission of solicitation from the list does not carry legal significance."); *United States v. Beltran-Ochoa*, 540 F. App'x 646 (9th Cir. 2013) ("solicitation is sufficiently similar to the offenses listed in the application note to be encompassed by the note") (internal quotation omitted); *United States v. Juszczak*, 320 F. App'x 558, 559 (9th Cir. 2009) (at sentencing, challenging the characterization of a solicitation offense as a controlled substance offense would have been meritless).

In contrast, in *Sandoval*, the Ninth Circuit considered that "knowingly distributing or possessing with intent to distribute heroin violates the Controlled Substances Act." *Sandoval*, 2017 WL 3400955, at *2 (citing 21 U.S.C. § 841(a)(1)). The Court continued:

> The term "distribute" means "deliver." *See* 21 U.S.C. § 802(11). And "deliver" means "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." *Id.* § 802(8). Accordingly, one may commit a drug trafficking crime by *actually delivering, attempting to deliver or possessing with intent to deliver heroin.*

*Id.* (emphasis added). Unlike *Shumate*, there was no word such as "include" that would allow the Court to allow the inclusion of "solicitation" in the list of ways one may commit a drug trafficking crime. Instead, the Court had to resolve whether attempted delivery itself included the solicitation of delivery. The Court concluded that "attempt" did not include solicitation. *Id.* at *5 ("simply offering to deliver a controlled substance is not an aggravated felony"). *See also Leyva-Licea v. I.N.S.*, 187 F.3d 1147, 1150 (9th Cir. 1999) ("[T]he Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation[.]"). Therefore, the possibility of a conviction for solicitation under Oregon law meant that the defendant's Oregon conviction was not a categorical match to an aggravated felony under the Controlled Substances Act.

Defendant raises two arguments in his Reply to Government Sentencing Memorandum. *See* ECF 34. First, Defendant correctly states that Oregon courts have interpreted "delivery" to include the attempted transfer of a controlled substance from one person to another, and offering to sell a controlled substance—solicitation—constitutes an attempted transfer. *See, e.g., State v. Pollock*, 189 Or. App. 38, 73 P.3d 297 (2003), *aff'd on other grounds*, 337 Or. 618, 102 P.3d 684 (2004). Defendant argues that neither § 4B1.2 nor the application note to § 4B1.2 encompass "mere offers to deliver a controlled substance." Def.'s Reply 2, ECF 34. Clearly, § 4B1.2, which

prohibits "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance)" and prohibits "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense," does not apply to offers to deliver a controlled substance. However, Defendant in essence asks this Court to disregard *Shumate*, which has not been overruled. Pursuant to *Shumate,* the application note to § 4B1.2 in the Guidelines does encompass solicitation of another to engage in the delivery of marijuana. Thus, offering to another to deliver a controlled substance is included in the Guidelines, according to the Ninth Circuit.

Alternatively, Defendant contends that, even if "solicitation" is included in the application note to § 4B1.2, the Court has to determine whether Defendant's Oregon conviction establishes the elements of the generic definition of solicitation. The Ninth Circuit recently defined "solicitation" as the "act or an instance of requesting or seeking to obtain something." *Sandoval*, 2017 WL 3400955, at *6 (quoting *Solicitation*, Black's Law Dictionary (10th ed. 2014)). Defendant argues that the Oregon law under which he was convicted is overbroad because it reaches mere offers to sell or deliver a controlled substance, conduct that does not qualify as a generic solicitation to commit a controlled substance offense.

On this point, Defendant's argument is undermined by the Ninth Circuit's opinion in *United States v. Lee*, 704 F.3d 785 (9th Cir. 2012). In *Lee*, the Court found that the defendant pled guilty to selling or offering to sell a controlled substance. *Id.* at 791. Such conduct fell "squarely within the definition of controlled substance offense" under the Guidelines. *Id.* at 790. The defendant argued that "offering to sell" should not be considered a controlled substance offense because it describes merely a solicitation offense. *Id.* at n. 2. The Court rejected his argument, which relied on out-of-circuit decisions, and stated that "[u]nder the law of this circuit

6 – OPINION & ORDER

. . . solicitation qualifies as a controlled substance offense. . . . [W]e are bound by this precedent." *Id.* (citing *Shumate,* 329 F.3d at 1031–32).

Defendant provides illustrations of cases from the Fifth, Second, and Tenth Circuits that have reached different conclusions than the Ninth Circuit. *See United States v. Madkins*, No. 15-3299, 2017 WL 3389367 (10th Cir. Aug. 8, 2017); *United States v. Hinkle*, 832 F.3d 569, 571 (5th Cir. 2016); *United States v. Price*, 516 F.3d 285 (5th Cir. 2008); *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008). However, none of these cases discussed whether "offering to sell" qualifies as generic solicitation. Instead, they concluded, for other reasons, that offering to sell is not a categorical match for a "controlled substance offense." Thus, they do not undermine the Ninth Circuit's reasoning in *Shumate.* And, of course, they are not controlling. *See, e.g., United States v. Chappell*, No. CRIM. 03-30013, 2011 WL 3050199, at *3 (W.D. La. June 7, 2011), *report and recommendation adopted*, No. CRIM. 03-30013-03, 2011 WL 3107069 (W.D. La. July 25, 2011) (noting that "not all appellate courts have followed the [Fifth Circuit]" and citing to the Ninth Circuit's decision in *Shumate*).

Finally, Defendant argues that the Court in *Shumate* "was never presented with the argument that a mere offer to sell would satisfy Oregon's state drug delivery statute, but would not qualify as a controlled substance offense." Def.'s Reply 15-16. However, *Shumate* and *Lee*, read together, answer the question that Defendant presents. *Shumate* stands for the proposition that a defendant may commit a "controlled substance offense" by soliciting another to commit such an offense; *Lee* adds that "offering to sell" is a solicitation offense. Together, they point to the conclusion that a mere offer to sell is a controlled substance offense.[2] Therefore, Defendant's

---

[2] To the extent this conclusion conflicts with *Sandoval*, this Court relies on its analysis above regarding the differences between the Guidelines and the Controlled Substances Act.

7 – OPINION & ORDER

prior conviction for Unlawful Delivery of a Controlled Substance—Heroin qualifies as a "controlled substance offense" under the Guidelines.

## II.     Attempted Assault II

Defendant's conviction for Attempted Assault II does not qualify as a "crime of violence" under the Guidelines because Oregon's attempt law is broader than the federal generic definition of attempt.[3] *See United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012) ("[W]e must determine whether the defendant's conviction establishes that he committed the elements of the generic definition of 'attempt' *and* that the underlying offense he attempted meets the generic definition of that offense.").

Under the Guidelines, a "crime of violence" is:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

Oregon's attempt law states that "[a] person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." O.R.S. 161.405. The federal generic definition of attempt is "the specific intent to 'engage in criminal conduct and . . . an overt act which is a substantial step towards committing the crime.'" *United States v. Sarbia*, 367 F.3d 1079, 1086 (9th Cir. 2004)

---

[3] The Court previously reached the same conclusion in *United States v. Freeman. See* Sentencing Hr'g Tr. 16, *United States v. Freeman*, No. 3:15-cr-00448-HZ, ECF 90. This Opinion & Order provides the parties with a written explanation of the Court's reasoning.

(quoting *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc)). The definitions are facially similar and both rely on a "substantial step" requirement. However, because Oregon courts interpret "substantial step" in a broader manner than federal caselaw, then Oregon's attempt law cannot be a categorical match with federal attempt law:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. *But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.*

*United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1109 (9th Cir. 2009) (quoting *Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 193 (2007)).

There are several cases in which defendants were convicted under Oregon attempt law because their solicitation of a crime was viewed as an "attempt." In 1991, the Oregon Supreme Court upheld a defendant's convictions of attempted kidnapping, attempted sodomy, and attempted rape. *State v. Walters*, 311 Or. 80, 82, 804 P.2d 1164, 1165 (1991). In assessing whether the defendant's conduct constituted a "substantial step" towards the commission of each crime, the court considered that the defendant repeatedly offered a young girl money to get into his truck, followed the girl home when she refused his offers, asked the girl's mother if she had a daughter, and made statements to the police such as he "could have found [himself] in an uncomfortable position today and didn't mean to" and the girl was "13 going on 24." *Id.* at 83-85, 804 P.2d at 1166-67. Such behavior, the court concluded, constituted a "substantial step," because it "strongly corroborate[d] his criminal purpose." *Id.* at 86, 804 P.2d at 1168. The court cited to the Model Penal Code, which defined an act as "strongly corroborative of the actor's criminal purpose" when the act "(1) advance[d] the criminal purpose charged and (2) provide[d]

9 – OPINION & ORDER

some verification of the existence of that purpose." *Id.* at 85, 804 P.2d at 1167. The court further explained that Oregon's adoption of the "substantial-step" test resulted in the inclusion, "as an 'attempt,' of conduct that is more remote from the attainment of the criminal objective than was the case under prior Oregon law." *Id.* at 86, 804 P.2d at 1168 (substantial-step test "would tend to move back the line between preparation and attempt to allow the police authorities to intervene sooner than under present Oregon law"). In other words, Oregon's adoption of the "substantial step test" was intended to broaden the reach of the attempt statute.

Four years later, the Ninth Circuit granted the *State v. Walters* defendant's writ for habeas corpus, finding that insufficient evidence supported the state court convictions for attempted rape and attempted sodomy. *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995). The Ninth Circuit reiterated that "[t]o constitute a substantial step toward the commission of a crime, the defendant's conduct must (1) 'advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose.'" *Id.* at 1358–59 (citing *State v. Walters*, 804 P.2d 1167). The Ninth Circuit acknowledged that "[t]he difference between making preparations and taking a substantial step toward the commission of a crime is one of degree." *Id*. at 1359. The Ninth Circuit concluded that, where the only step that the defendant took towards the commission of rape and sodomy was his attempt to entice the girl into his truck, such act did not *strongly* corroborate his intent to commit those crimes (even if it corroborated his intent "to some extent"). *Id.* at 1360. Thus, his behavior did not constitute a "substantial step" for the purposes of attempt law. However, the Ninth Circuit agreed with the Oregon Supreme Court that the defendant's conduct constituted a substantial step towards the commission of the crime of first-degree kidnapping. *Id.* at 1359. In so noting, the Ninth Circuit suggested that Oregon courts used the same "substantial step" standard as an earlier Ninth Circuit decision. *Id.* (citing *United States*

*v. Scott*, 767 F.2d 1308, 1312 (9th Cir. 1985), in which the court considered whether the defendant's conduct was "strongly corroborative of his criminal intent" and whether the act "was adapted to, approximating, and in the ordinary and likely course of things would have resulted in the commission of the intended crime"). This Court concludes that, while the standard may sometimes be similarly articulated by the Ninth Circuit and Oregon courts, the application has differed.

The Oregon Court of Appeals decided *State v. Rinkin* in 1996. 141 Or. App. 355, 917 P.2d 1035, (1996). While it noted that *Maas* had differed from *Walters* on the issue of whether the defendant's conduct was sufficiently corroborative of the charged criminal purpose, the court stressed that it was bound by the decisions of the Oregon Supreme Court. *Id.* at 365, 917 P.2d at 1041. The court in *Rinkin* assessed whether the defendant's conduct "in (1) engaging in a series of stranger-to-stranger contacts with a 10–year–old boy; (2) speaking with him about 'skipping school'; (3) offering him inducements to come to his apartment alone; and (4) offering to show him sexually explicit material, could reasonably be regarded as verifying a criminal purpose" of attempted sodomy. *Id.* at 366, 917 P.2d at 1042 (noting that the "verification" requirement requires conduct that is referable to *some* criminal purpose, whereas the "advance the purpose" component can be satisfied even by conduct that arguably could promote a variety of ends, both criminal and noncriminal). The court expressly relied on the *Walters* analysis to conclude that "there was evidence . . . from which the jury could find beyond a reasonable doubt that defendant's conduct constituted a substantial step toward the commission of sodomy[.]" *Id.* at 367, 917 P.2d at 1042.

In 2005, the Oregon Court of Appeals decided *State v. Johnson*, 202 Or. App. 478, 123 P.3d 304 (2005). In that case, the defendant was convicted of attempted murder and solicitation

to commit murder. There was evidence that he had a phone conversation in which he asked a friend to help him kill his wife and daughter. *Johnson*, 202 Or. App. at 481–82, 123 P.3d at 306. The defendant argued that his phone conversation could not constitute a substantial step for purposes of attempt. *Id.* at 486, 123 P.3d at 308. The *Johnson* court rejected that argument and held that solicitation can qualify as a "substantial step" if, under the facts, the defendant's actions exceed mere preparation, advance the criminal purpose charged, and provide some verification of the existence of that purpose. *Id.* at 489, 123 P.3d at 310.

The Oregon Court of Appeals has applied the *Johnson* holding to subsequent cases. *See e.g.*, *State v. Badillo*, 260 Or. App. 218, 223 (2013) (defendant's solicitation of another to commit burglary constituted a substantial step towards committing the offense) (citing *State v. Sargent*, 110 Or. App. 194, 198 (1991) ("[I]f a person solicits another to engage in conduct constituting an element of the crime of delivery, . . . the person has taken a substantial step toward committing the crime of attempted delivery.")); *State v. Kimbrough*, 285 Or. App. 84, 89 (2017) (relying on *Badillo* and *Johnson* to explain that "[t]here is no special rule regarding whether a solicitation is also an attempt"). All of these cases reiterate that, under the right circumstances in Oregon, solicitation can constitute attempt.

In *Sandoval*, the Ninth Circuit considered whether the defendant's prior Oregon conviction for delivery of heroin qualified as a "drug trafficking crime" under the Controlled Substances Act, such that it would render him ineligible for cancellation of removal under the Immigration and Nationality Act. *Sandoval*, 2017 WL 3400955 at *1. Under Oregon law, the term "deliver" includes the *attempted* transfer of a controlled substance from one person to another. O.R.S. 475.005(8) (emphasis added). An attempt occurs when a person "intentionally engages in conduct which constitutes a substantial step toward commission of a crime." O.R.S.

161.405(1). The Court concluded that, under Oregon law, an offer to deliver a controlled substance—the act of soliciting delivery—is enough to complete a substantial step toward an intended transfer. *Sandoval*, 2017 WL 3400955, at *5. In other words, the offer to deliver a controlled substance ("the act of soliciting delivery) is an attempt under Oregon law. *Id.* Because soliciting delivery is an attempted delivery under Oregon law, a defendant could be convicted of O.R.S. 475.992(1)(a)—unlawful delivery of heroin—based on soliciting delivery. Since a defendant could not be convicted of a drug trafficking crime under the Controlled Substances Act based on soliciting delivery, the Ninth Circuit concluded that the Oregon conviction was not a categorical match to a drug trafficking crime. *Id.* at *6. Although the *Sandoval* Court's holding was specific to attempted delivery under the Controlled Substances Act and focused on state drug crimes rather than assault, the Court's reasoning involved the generic federal definition of attempt, and the Court noted that its state law analysis was consistent with non-drug attempt cases. *Id.* at *5 (citing *Johnson*, 123 P.3d 304, 309-10) (involving the meaning of substantial step for purposes of a conviction for attempted murder)).

The present case differs from *Sandoval* in that the issue here is not whether Defendant's Oregon conviction is a categorical match to a drug trafficking crime under the Controlled Substances Act. The issue is whether his Oregon attempt conviction is a categorical match to federal generic attempt. Nevertheless, *Sandoval* controls. Because *Sandoval* held that the act of soliciting is an attempt under Oregon law, then Oregon's attempt would only be a categorical match to federal attempt if soliciting qualifies as federal attempt.

Soliciting does not qualify as a federal attempt. The probable desistance test—the requirement that a defendant's "actions unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances"—is incorporated into the federal generic

definition of attempt. *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1088 (9th Cir. 2015) (citing *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1243 (9th Cir. 2014)). In other words, the "step toward commission of the crime" must be "of *such substantiality* that, unless frustrated, the crime would have occurred." *United States v. Saavedra-Velazquez,* 578 F.3d 1103, 1107 (9th Cir. 2009) (quoting *United States v. Buffington,* 815 F.2d 1292, 1303 (9th Cir. 1987)). For example, the Ninth Circuit held in *United States v. Yossunthorn* that the defendant's act of making an appointment to purchase heroin, along with the defendant's surveillance of the proposed meeting place, was insufficiently substantial to support a conviction for attempted possession of heroin with intent to distribute. 167 F.3d 1267, 1271 (9th Cir. 1999) (While "[t]he government does not have to wait until the transaction is complete[,] ... it needs more evidence of a substantial step....") (quoting *United States v. Cea,* 914 F.2d 881 (7th Cir. 1990)). This is a more stringent standard than the substantial step test as applied in Oregon courts.

The Court recognizes that at least one Ninth Circuit case suggests a different result. *See United States v. Pena-Robles*, 479 F. App'x 747 (9th Cir. 2012).[4] In *Pena-Robles*, an unpublished opinion, the Ninth Circuit found that Oregon's definition of attempt is "coextensive" with the federal generic definition:

> The Oregon attempt statute, ORS § 161.405 . . . is coextensive with the generic attempt offense. The text of the definitions are the same, and there is no operational difference in their application.

*United States v. Pena-Robles,* 479 F. App'x 747, 749 (9th Cir. 2012) (internal citations omitted). However, *Pena-Robles* does not have precedential value nor has it been cited by any subsequent

---

[4] The Government also points to *Diego v. Sessions*, 857 F.3d 1005, 1015 (9th Cir. 2017), a case in which the Ninth Circuit applied the modified categorical approach and held that attempted first degree sexual abuse under Oregon state law is an aggravated felony under federal immigration law. The Ninth Circuit in *Diego*, however, did not consider whether Oregon's attempt statute matches the generic federal definition of attempt because the argument was raised for the first time on the day of oral argument. *Id.* at 1015 n.4 (finding the argument waived). Therefore, this case is not helpful.

case. *See* Ninth Cir. Rule 36–3(a); *United States v. Bare*, 806 F.3d 1011, 1021 (9th Cir. 2015) (Kozinski, J., dissenting) ("[O]ur rules clearly state that unpublished dispositions aren't authority. . . . And for good reason: They generally aren't worded carefully enough to govern future cases, nor are they exposed to the type of en banc scrutiny to which published opinions are subjected."). Therefore, *Pena-Robles* does not alter this Court's conclusion that Oregon's attempt law is broader than the federal generic attempt definition. For this reason, Defendant's Oregon Attempted Assault II conviction is not a "crime of violence" under the Guidelines.

## CONCLUSION

Oregon Unlawful Delivery of a Controlled Substance—Heroin conviction is a "controlled substance offense" under the Guidelines, but a conviction for Oregon Attempted Assault II is not a "crime of violence" under the Guidelines.

IT IS SO ORDERED.

Dated this __31__ day of __October__, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge